## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELANE PHOTOGRAPHY, INC., a limited liability
corporation,

        Plaintiff,

    -vs-                           No. Civ. 07-0173  LH/ACT

FRANCIE CORDOVA, in her official capacity as
Director of the Human Rights Division, New
Mexico Department of Labor,

        Defendant.


## <u>MEMORANDUM OPINION</u>

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Complaint [sic]

Lack of Jurisdiction and for Failure to State a Claim (Docket No. 19), filed April 25, 2007.  The

Court, having reviewed the Motion, the memoranda of the parties, and the applicable law, and

otherwise being fully advised, finds that Defendant's Motion is well taken in part and will be **granted**

**in part**.


      Plaintiff Elane Photography, a limited liability corporation owned by Jon and Elaine Huguenin,

is a commercial business offering services which include photography of weddings and portraits.

(Plaintiff's Verified Complaint for Injunctive and Declaratory Relief ("Complaint") (Docket No. 1),

filed February 20, 2007, at 3.)  Plaintiff brings suit against Francie Cordova, Director of the Division

of Human Rights for the State of New Mexico,[1] claiming that the State's receipt and subsequent investigation for prosecution of a complaint alleging illegal sexual orientation discrimination, based on Elane Photography's refusal to take photographs of a same-sex commitment ceremony, violates its rights to freedom of speech and free exercise of religion under the First Amendment to the United States Constitution.  (*Id.* at 1-2.)  Plaintiff seeks a declaratory judgment that the relevant portion of the New Mexico Human Rights Act ("Act"), NMSA § 28-1-7,[2] is unconstitutional as applied to it under the facts of this case and asks that Defendant be enjoined[3] from investigating or enforcing the Act against Plaintiff in this and future similar circumstances.  (*Id.* at 7-8.)  It also brings claims under 42 U.S.C. § 1983 for violation of its right to freedom of speech and right to free exercise of religion. (*Id.* at 8-9.)

---

[1]    As of July 1, 2007, the Human Rights Act was amended to reflect the incorporation of the Labor Department into the newly created Workforce Solutions Department.  Thus, the former definition found at NMSA § 28-1-2(D), "'director' means the director of the human rights division of the labor department," became "'director' or 'bureau' means the human rights bureau of the labor relations division of the work force solutions department,"  2007 N.M. Legis. Serv. p. 2690.   Accordingly, Defendant Cordova is now Director of the Human Rights Bureau, Labor Relations Division, Workforce Solutions Department.

[2]    Section 28-1-7, of the Human Rights Act, Unlawful discriminatory practice, provides in relevant part:

It is an unlawful discriminatory practice for
. . . .
> F.  any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of race, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, spousal affiliation or physical or mental handicap . . . .

NMSA § 28-1-7(F).  The word "person," as used in the Act, is defined as "one or more individuals, a partnership, association, organization, corporation, joint venture . . .," *id.* § 28-1-2(A), and "'public accommodation' means any establishment that provides or offers its services, facilities, accommodations or goods to the public . . .," *id.* § 28-1-2(H).

[3]    Plaintiff also mentions preliminary injunctive relief in its Complaint (Compl. at 2 ("The Court has subject matter jurisdiction over this case under . . . 28 U.S.C. § 2202 to secure *preliminary* and permanent *injunctive relief* . . . ." (emphasis added))),but apparently abandons any claim it might make in this regard (Br. Opp'n Def.'s Mot. Dismiss  (Docket No. 24) at 10 n. 2 ("The State's discussion of the standard for preliminary injunction is puzzling, since *Elane Photography has not requested a preliminary injunction*." (emphasis added)).

Defendant moves for dismissal of the Complaint on several grounds: the *Younger* abstention doctrine,[4] ripeness, standing, and failure to state claims of unconstitutional violation of the right to freedom of speech or the right to free exercise of religion.  As the Court agrees that it must abstain under *Younger*, it will not address Defendant's other arguments.  *See D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004).

"Under the *Younger* abstention doctrine, federal courts should not 'interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings -' when a state forum provides an adequate avenue for relief."  *Weitzel v. Div. of Occupational & Prof'l Licensing,* 240 F.3d 871, 875 (10th Cir. 2001)(quoting *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir.1999)).  Thus,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Amanatullah v. Colo. Bd. Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)(quoting *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir. 1997)).  "'Younger abstention is non-discretionary;' the district court must abstain once the conditions are met, 'absent extraordinary circumstances.'" *Weitzel*, 240 F.3d at 875 (quoting *Amanatullah*, 187 F.3d at 1163).

---

[4]    *See Younger v. Harris*, 401 US 37 (1971).

3

Plaintiff maintains that the first prong of *Younger* is not met in this case, arguing that the initial point of reference is when the complaint is filed in federal court and that the investigation by the Bureau in progress at that time cannot be considered to have been an administrative hearing judicial in nature.  Similarly, Plaintiff contends that the subsequent finding of probable cause[5] is not a state administrative proceeding judicial in nature and that the state process is informal until the Commission files its formal complaint.[6]  The Court does not agree.

While it well may be that the initial point of reference is when the federal complaint is filed, subsequent developments certainly can and do affect the *Younger* analysis.  In *Weitzel*, for example, the Tenth Circuit Court of Appeals found that the post-abstention conclusion by the Executive Director of the Colorado Department of Commerce that he lacked jurisdiction to review the constitutionality of state statutes negated the district court's earlier finding that appeal to the

---

[5]     On June 5, 2007, Defendant Cordova issued a probable cause determination of sexual orientation discrimination on the New Mexico Human Rights Act complaint made against Plaintiff and, in the event conciliation efforts failed, set it for a formal hearing on December 12 and 13, 2007.  (Reply Supp. Mot. Dismiss Compl. at 1 & Ex. 1.)

[6]     Pursuant to the grievance procedures set forth in the Act,

C.  If the director determines that probable cause exists for the complaint, the director shall attempt to achieve a satisfactory adjustment of the complaint through persuasion and conciliation. . . .
. . . .
F.  If conciliation fails or if, in the opinion of the director, informal conference cannot result in conciliation, and the complainant has not requested a waiver of right to hearing pursuant to the provisions of Subsection J of this section, the commission shall issue a written complaint in its own name against the respondent . . . .  The complaint shall set forth the alleged discriminatory practice, the secretary's regulation or the section of the Human Rights Act alleged to have been violated and the relief requested.  The complaint shall require the respondent to answer the allegations of the complaint at a hearing before the commission or hearing officer and shall specify the date, time and place of the hearing. . . .
. . . .
J.  The complainant may seek a trial de novo in the district court in lieu of a hearing before the commission, provided the complainant requests from the director, in writing, a waiver of complainant's right to hearing within sixty days of service of written notice of a probable cause determination by the director. . . .

NMSA § 28-1-10.

4

Executive Director provided the plaintiff with an adequate forum to assert his constitutional claims. 240 F.3d at 875-76.   Conversely, however, while *Younger* abstention may then have been inappropriate, the appellate court found that the plaintiff's subsequent filing of a complaint in state district court, seeking relief identical to that sought in the federal case, once again made abstention appropriate.  *Id.* at 876.  Regardless, initiation of the investigation by the New Mexico Human Rights Bureau against Plaintiff, before Plaintiff filed its federal complaint, constitutes the beginning of the state administrative proceeding in this matter, *see, Amanatullah*, 187 F.3d at 1163 (state proceedings began when state board issued letter advising plaintiff of its informal inquiry and investigation into allegations), rather than a later filing of a formal complaint by the Commission, *see id.* at 1163-64 ("The state proceedings did not begin when the formal complaint was filed by the attorney general.").[7]

Furthermore, the Court finds that the state provides an adequate forum to hear Plaintiff's constitutional and civil rights claims.  As the *Amanatullah* court noted, "[i]t is sufficient for purposes of *Younger* abstention that federal challenges . . . may be raised in state court judicial review of administrative proceedings."  187 F.3d at 1164.  The Court should and does assume that Plaintiff's federal claims will be considered at the administrative level and notes that Plaintiff also will have the opportunity to raise these claims in the judicial review process.[8]  *See id.* (citing and quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will

---

[7]   This is the case, notwithstanding Plaintiff's comment that "the commission apparently got a little ahead of itself in setting a hearing for December . . . as no hearing is needed until the commissioner actually files a complaint."  (Pl.'s Surreply Br. at 3 n.3.)

[8]   The Act provides that "[a] person aggrieved by an order of the commission may obtain a trial de novo in the district court of the county where the discriminatory practice occurred or where the respondent does business . . . ."  NMSA § 28-1-13(A).

afford an adequate remedy, in the absence of unambiguous authority to the contrary." (alteration in original).)  Similarly, it is beyond question that enforcement of the anti-discrimination provisions of the New Mexico Human Rights Act involve important state interests and implicate explicitly articulated state policies.

Finally, "[t]he *Younger* abstention is inapplicable 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Weitzel*, 240 F.3d at 876 (internal quotations omitted)(quoting *Amanatullah*, 187 F.3d at 1165 (quoting *Perez v. Ledesma*, 401 US 82, 85 (1971)).  None of the exceptions is present here.

Thus, the Court Defendant's Motion to Dismiss will be granted pursuant to the *Younger* abstention doctrine.  An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**